## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSH CHILDERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-22-759-G** |
| ) | |
| **THE TOWN OF VALLEY BROOK** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

Now before the Court is the Motion to Quash Service (Doc. No. 8) filed by Defendant Jeremy Mashore, the Motion for Extension of Time (Doc. No. 10) filed by Plaintiff Josh Childers, and Defendant Town of Valley Brook's Motion to Dismiss, or in the Alternative, to Quash Service (Doc. No. 17).

### I.      *Background*

Plaintiff initiated this federal civil rights action against Defendants Town of Valley Brook ("Town") and Mashore, a Town police officer, on August 30, 2022.  On September 13, 2022, Plaintiff filed a Pro Se Litigant's Request for Issuance of Summons.  *See* Doc. No. 4.  The Clerk of Court issued a summons as to Defendant Mashore that same day.  *See* Doc. No. 5.  The summons was returned executed on October 21, 2022, reflecting that Defendant Mashore was served at the Town Police Department by the United States

Marshals Service ("USMS") on October 6, 2022.  *See* Return (Doc. No. 6).[1]  The Return

contains the following narrative describing the manner of service:

> Captain Darren Johnson was called on the phone and said he would accept
> service and deliver to Officer Mashore.  Left with clerk for Captain Johnson.

*Id.* at 1.

On January 5, 2023, the Court—noting that the time to serve Defendant Town had

expired without record of that defendant being served—ordered Plaintiff to show cause in

writing by January 20, 2023, why his claims against Defendant Town should not be

dismissed.  *See* Order of Jan. 5, 2023 (Doc. No. 9) at 1.  Plaintiff did not respond to the

Court's Order by the stated deadline.

On April 3, 2023, Plaintiff filed the Motion for Extension of Time (Doc. No. 10),

seeking additional time to effectuate service upon both Defendants Mashore and Town.

Both Defendants oppose the requested extension.  *See* Defs.' Resp. (Doc. Nos. 13, 14).

On that same date, Plaintiff filed a Pro Se Litigant's Request for Issuance of

Summons, requesting that the USMS serve Defendant Town.  *See* Doc. No. 11.  The Clerk

of Court issued a summons as to Defendant Town that same day.  *See* Doc. No. 12.  The

summons was returned executed on May 26, 2023, reflecting that Defendant Town was

served by the USMS on May 23, 2023, by delivery of process to the Town Clerk.  *See* Doc.

No. 15.

---

[1] Because Plaintiff has been granted leave to proceed *in forma pauperis*, the USMS is
authorized to attempt to serve each defendant for whom Plaintiff properly completes a
request for the issuance of a summons.  *See* Fed. R. Civ. P. 4(c)(3).

II.      *Federal Rules of Civil Procedure 4 and 12(b)(5)*

"Personal service under Rule 4 . . . notif[ies] a defendant of the commencement of an action against him." *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).  Further, such service "provides the mechanism" for the court to assert jurisdiction "over the person of the party served."  *Id.*; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999).  "Effectuation of service is a precondition to suit . . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Thus, a plaintiff's unexcused failure to comply with Rule 4 allows a district court to dismiss the action.  *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992); Fed. R. Civ. P. 4(m).

A Rule 12(b)(5) motion challenges the plaintiff's mode of serving process on the moving party.  *Craig v. City of Hobart*, No. CIV-09-53-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2004)).  In opposing a Rule 12(b)(5) motion, the plaintiff bears the burden of showing that he or she has "complied with all statutory and due process requirements."  *Craig*, 2010 WL 680857, at *1.  "Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained."  5B Wright & Miller, *supra*, § 1354; *accord Gray v. Ritter*, No. CIV-09-919-F, 2010 WL 4880890, at *2 (W.D. Okla. Oct. 8, 2010) (R. & R.), *adopted*, 2010 WL 4880870 (W.D. Okla. Nov. 24, 2010).

3

III.    *Discussion*

   A.  *Defendant Mashore's Motion to Quash Service*

In Defendant Mashore's Motion (Doc. No. 8), Defendant Mashore argues that the Court should "quash the attempted, insufficient service of process" pursuant to Federal Rule of Civil Procedure 12(b)(5).  *Id.* at 1.  Specifically, Defendant Mashore contends that Plaintiff's attempted service of this lawsuit upon him was invalid under Federal Rule of Civil Procedure 4(e).  *See id.* at 2-4.  Plaintiff did not respond to the Motion.

Rule 4(e) provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Defendant Mashore argues that leaving the summons "with clerk for Captain Johnson" does not satisfy Rule 4(e)(2)(A), (B), or (C) because the summons was not delivered to Defendant Mashore personally, left at Defendant Mashore's residence, or

delivered to a person authorized to accept service on Defendant Mashore's behalf.  *See* Def. Mashore's Mot. at 3 ("Captain Johnson was not authorized by Defendant to accept service over the phone on his behalf and no clerk at Defendant's place of employment was authorized by Defendant to accept service.").  Further, Defendant Mashore argues that service in this case did not comply with the methods of service prescribed by Oklahoma state law in title 12, section 2004 of the Oklahoma Statutes and so did not comport with Rule 4(e)(1).  *See id.* at 3-4; Fed. R. Civ. P. 4(e)(1).

As no response was filed to Defendant Mashore's Motion, the Court deems the factual representations made therein confessed.  *See* LCvR 7.1(g).  Further, Plaintiff bears the burden of demonstrating that he "complied with all statutory and due process requirements" in opposing a Rule 12(b)(5) motion.  *Craig*, 2010 WL 680857, at *1.  Based upon the current record, the Court concludes that Plaintiff has not met this burden and that Defendant Mashore is entitled to relief under Federal Rule of Civil Procedure 12(b)(5).

### B.  *Defendant Town's Motion to Dismiss/Quash Service*

In Defendant Town's Motion (Doc. No. 17), Defendant Town contends that Plaintiff's attempted service upon it—an attempt made in April-May 2023—was both untimely and inadequate under Federal Rule of Civil Procedure 12(b)(5).  *See id.* at 3-10.  Plaintiff did not respond to Defendant Town's Motion.

Defendant Town represents that on May 22, 2023, not May 23, 2023, as stated in the Return, the Town was served with an incomplete copy of the Complaint and no copy of the Summons.  *See id.* at 7-10.  Defendant Town further argues that the attempted service was made long after the Rule 4(m) 90-day service period expired.  *See id.* at 3-6.

While Plaintiff's failure to respond would allow the Court to deem confessed the factual representations made in Defendant's Town's Motion, the Court notes that the Return is signed by a USMS Deputy attesting that service of process was made on May 23, 2023, in the manner described.  *See* Doc. No. 15.  Ultimately, the Court need not and does not resolve this dispute as it is clear that the attempted service upon Defendant Town was untimely.

### C.  *Plaintiff's Motion for Extension of Time*

Plaintiff's initial service deadline was November 28, 2022.  *See* Fed. R. Civ. P. 4(m). In his Motion for Extension of Time, filed April 3, 2023, Plaintiff seeks additional time to effect service as to both Defendants.  *See* Pl.'s Mot. (Doc. No. 10) at 1.

Federal Rule of Civil Procedure 4(m) instructs:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Plaintiff is a pro se litigant proceeding *in forma pauperis*, and this is his first request for an extension of time to serve Defendants.

The Court finds that good cause exists to grant Plaintiff a 45-day extension of time from the date of this Order to serve Defendant Mashore.  As set forth above, Plaintiff timely

and diligently attempted to serve Defendant Mashore within the service deadline, but, through no fault of Plaintiff's, the USMS employed a defective method of service.

The Court finds that Plaintiff has not shown good cause, however, for the failure to timely serve Defendant Town. The record before the Court reflects that Plaintiff's first action in attempting to serve Defendant Town was in April 2023, long after the November 28, 2022 service deadline. Plaintiff has provided no explanation for this delay, despite being expressly directed to do so by the Court. Further, having considered the factors set forth in *Espinoza*, 522 F.3d at 841, the Court sees no reason to grant a permissive extension of time to complete service. As noted, Plaintiff did not request an extension of time to serve Defendant Town until long after the service period expired and at no time has he provided any explanation for that delay. And, assuming Plaintiff's statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of certain of Plaintiff's claims. Oklahoma's "savings statute" may save certain claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff may be able to refile such claims within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2. Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case.

CONCLUSION

For the reasons explained above, the Court orders as follows:

1. Defendant Jeremy Mashore's Motion to Quash (Doc. No. 8) is GRANTED to the extent the Motion seeks to quash Plaintiff's service attempt of October 6, 2022. In all other respects, the Motion is DENIED.

2. Defendant Town of Valley Brook's Motion to Dismiss, or in the Alternative, to Quash Service (Doc. No. 17) is GRANTED to the extent the Motion seeks to quash Plaintiff's service attempt of May 22 or 23, 2023. In all other respects, the Motion is DENIED AS MOOT.

3. Plaintiff's Motion for Extension of Time (Doc. No. 10) is GRANTED IN PART and DENIED IN PART. The Court GRANTS Plaintiff an extension of 45 days from the date of this Order to serve Defendant Jeremy Mashore. The Court DENIES Plaintiff an extension to serve Defendant Town of Valley Brook.

4. Plaintiff shall complete service of summons and a copy of the Complaint upon Defendant Jeremy Mashore within 45 days of the date of this Order. If Defendant Mashore is not served within that time period, the Court will dismiss the claims against him absent a showing of good cause for the failure to complete service. The Clerk of Court is directed to mail to Plaintiff the necessary forms for requesting the issuance of summons regarding Defendant Mashore along with a copy of this Order. For service to be timely made, Plaintiff must complete

these forms and return them to the Court Clerk within 14 days from the date of this Order. *See* Fed. R. Civ. P. 4(b).[2]

-and-

5. Pursuant to Federal Rule of Civil Procedure 4(m), the action is DISMISSED WITHOUT PREJUDICE with respect to Defendant Town of Valley Brook.

IT IS SO ORDERED this 28th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge

---

[2] Although Plaintiff is entitled to have service made by the USMS, it is Plaintiff's responsibility to provide the information necessary to locate and serve Defendant Mashore.